1  Fred Norton (CA SBN 224725)
   Bree Hann (CA SBN 215695)
2  Tyler M. Layton (CA SBN 288303)
   THE NORTON LAW FIRM PC
3  299 Third Street, Suite 106
   Oakland, CA 94607
4  Telephone: (510) 906-4907
   fnorton@nortonlaw.com
5  bhann@nortonlaw.com
   tlayton@nortonlaw.com
6

7  Attorneys for Plaintiffs
   ORACLE AMERICA, INC., and ORACLE
8  INTERNATIONAL CORPORATION

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13

14  ORACLE AMERICA, INC., a Delaware          Case No. _____
    Corporation; ORACLE INTERNATIONAL
15  CORPORATION, a California corporation,    **COMPLAINT FOR COPYRIGHT
                                              INFRINGEMENT (17 U.S.C. §§ 101, *et
16            Plaintiffs,                     seq.*)**

17        v.

18  PERRY JOHNSON & ASSOCIATES, INC., a       **DEMAND FOR JURY TRIAL**
    Nevada corporation; and DOES 1 – 10,
19
              Defendants.
20

21

22

23

24

25

26

27

28

---

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs Oracle America, Inc. ("Oracle America") and Oracle International Corporation ("OIC") (together, "Oracle"), allege as follows for their Complaint against Defendant Perry Johnson & Associates, Inc. ("PJA"):

**PARTIES**

1.      Plaintiff Oracle America is a Delaware corporation duly authorized to do business in the State of California, with its principal place of business in Redwood City, California.  Oracle America develops and licenses certain intellectual property, including Oracle's Database Management Software and Real Application Clusters software (collectively the "Oracle Copyrighted Software"), and provides related support and consulting services to its licensed customers.

2.      Plaintiff OIC is a California corporation with its only place of business in Redwood City, California.  OIC owns and licenses certain intellectual property, including the Oracle Copyrighted Software.  OIC, either on its own or together with Oracle America (depending on the registration), holds all interest, right, and title to the copyrights in the Oracle Copyrighted Software, and the right to bring claims for infringement of those copyrights.

3.      Defendant PJA is a Nevada corporation with its headquarters and principal place of business in Henderson, Nevada.  On information and belief, PJA conducts substantial business operations and has customers around the United States, including within the Northern District of California.

4.      Oracle is currently unaware of the true names and capacities of Does 1 through 10, inclusive, whether individual, partnership, corporation, unincorporated association, or otherwise. After discovery, which is necessary to ascertain the true names and capacities of Does 1 through 10, Oracle will amend its complaint to allege the necessary identifying details.

**JURISDICTION**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because it arises under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq*.

6.      This Court has personal jurisdiction over PJA because PJA's acts of deliberate and

- 1 -

willful infringement caused substantial harm within California and this District, where Oracle is headquartered and has its principal place of business.  On information and belief, throughout its infringement, PJA was aware of Oracle's residence in California and within this District and understood the effects of its infringement would be suffered by Oracle here.  Oracle's claims against PJA arise out of PJA's acts of infringement, which were necessarily directed at and caused harm suffered by Oracle in California.

7.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim and the actual harm to Oracle occurred in this District by reason of PJA's conduct.  Oracle, which is headquartered within this District, suffered the harm from PJA's infringement here, as PJA could and did reasonably foresee.  Venue is further proper under 28 U.S.C. § 1400(a), as PJA is subject to personal jurisdiction within this District.

## INTRADISTRICT ASSIGNMENT

8.      Pursuant to Civil Local Rules 3-2(c) and 3-5(b), this action, which arises under the copyright laws of the United States and deals with Oracle's Intellectual Property rights, may be assigned on a district-wide basis.

## BACKGROUND FACTS

9.      Oracle is a global leader in database management software and technology, cloud-engineered systems, and enterprise software products.

10.      One of Oracle's flagship software products is its Database Management Software ("Oracle Database"), which Oracle offers in Standard Edition ("Database SE") and a more robust (and expensive) Enterprise Edition ("Database EE").  Oracle also offers software products that supplement or complement Oracle Database, including a software product called Real Application Clusters ("RAC").

11.      Oracle is the owner or exclusive licensee of the copyrights and copyright applications for Oracle Database[1] and RAC; the works are properly registered with the United

---

[1] Because Database SE is a subset of Database EE, Oracle's "Oracle Database" copyright registration covers both Database SE and Database EE.  *See* paragraph 25, below.

States Copyright & Trademark Office, as alleged in more detail below.

12.    As part of its business, Oracle licenses the Oracle Copyrighted Software to midstream and end users.  Oracle also offers support and maintenance services for its software to its licensees, for which they separately compensate Oracle.

13.    In August 2019, Oracle became concerned PJA may have been using copyrighted Oracle software without an appropriate license.

14.    PJA does not have a software license from Oracle.  On information and belief, PJA licensed one or more software products from Arrendale Associates, Inc. ("Arrendale").  Arrendale in turn had entered into an Embedded Software License Distribution Agreement with Oracle.  As relevant here, the Embedded Software License Distribution Agreement does not allow Arrendale to license Oracle software directly to any end user, but instead only allows Arrendale to embed Oracle Database SE in a specific Arrendale product, so long as Arrendale complies with numerous express conditions.  The agreement between Oracle and Arrendale conveys no rights in Oracle's software except to the extent expressly stated in the agreement.

15.    Among other conditions, Arrendale has no right to permit the end user to install or configure the Oracle programs separately or independently from the Arrendale software package.  The end user may use the embedded Oracle programs only as part of the Arrendale software package.  In addition, Arrendale may not permit the end user to access the database or its schema directly.  Further, the license that Arrendale grants to the end user for the embedded product must be limited to the end user's own internal business operations only.  And, Arrendale has no right to permit the end user to use the embedded program for rental, timesharing, subscription service, hosting, or outsourcing.

16.    The agreement between Oracle and Arrendale prohibits Arrendale from entering into any agreement to license an embedded program unless the end user license complies with, and imposes, all of the conditions described above, as well as others.  On information and belief, Arrendale has complied with that requirement with respect to any agreement it has with PJA, and Arrendale has not purported to grant PJA any rights that would violate the conditions described above.

17.     In September 2019, in response to Oracle's request, PJA provided information about the software architecture it used in its business.  Oracle learned that PJA was using Oracle Database software to provide at least hosting services to third parties.  PJA never obtained a license or authorization from Oracle to use Oracle Database software to provide hosting services.  Further, any license PJA may have had from Arrendale would have permitted PJA to use Database SE only to the extent that software was embedded within the Arrendale software product, never independently.  PJA's unauthorized use of Oracle Database software to provide at least hosting services infringes Oracle's intellectual property rights, including its copyrights in that software.

18.     Oracle also learned that the PJA's software architecture – including the number of sockets – exceeds the scope of any license that PJA may have to use Database SE internally with its Arrendale product.  The scope and nature of PJA's use requires a license to Database EE.  PJA never obtained a license or authorization from Oracle directly or indirectly to use Database EE.

19.     The software architecture further shows that PJA is using RAC, which itself requires Database EE to operate.  PJA has no license from Oracle to use or copy RAC (or Database EE, as noted above).  PJA's unauthorized use of Database EE and RAC software infringes Oracle's intellectual property rights, including its copyrights in that software.

20.     These are just the infringing acts of which Oracle is now aware.  On information and belief, PJA is using other copyrighted Oracle software products without a license or authorization.

21.     Upon discovering PJA's unauthorized use of the Oracle Copyrighted Software, Oracle immediately notified PJA and asked it to license the software it was using and to pay for its past, unauthorized use.  After some discussion, PJA refused to engage further with Oracle.  To the best of Oracle's knowledge, PJA's infringement of the copyrights in the Oracle Copyrighted Software continues to this day.

22.     On information and belief, PJA has acted in concert and coordination with Does 1 through 10, which are PJA's agents, affiliates, subsidiaries, parents, sister companies, and alter egos.  On information and belief, PJA has worked with Does 1 through 10 to infringe the Oracle Copyrighted Software, and Does 1 through 10 have infringed the Oracle Copyrighted Software

- 4 -

directly.  Oracle will amend this Complaint to add identifying information about Does 1 through 10 once obtained.

### FIRST CLAIM FOR RELIEF

### Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

### (Against All Defendants)

23.    Oracle incorporates by reference each of the allegations in paragraphs 1 through 22.

24.    Oracle owns valid and enforceable copyrights in all its software products, including the Oracle Copyrighted Software, which are creative works of original authorship and copyrightable subject matter.  Oracle has owned these copyrights throughout the time of PJA's infringement.

25.    In compliance with the Copyright Regulations, Oracle has registered or filed with the Copyright Office copyright applications, registration fees, and deposits of the Oracle Copyrighted Software.  Oracle is the owner or exclusive licensee of all right, title, and interest to the registrations and copyright applications for the Oracle Copyrighted Software, which are described below:

| Oracle Copyrighted Software | Title of Work | Registration Number | Date Issued |
|---|---|---|---|
| Oracle Database | Oracle Database 11g Release 1 | TX 7-324-157 | March 24, 2011 |
| Oracle Database | Oracle Database 11g Release 12 | TX 7-324-158 | March 24, 2011 |
| Oracle Database | Oracle Database 12c Release 1 (12.1) | TX 8-188-258 | May 09, 2016 |
| Oracle Database | Oracle Database 18c (18.3) | TX 8-843-054 | February 26, 2020 |
| Oracle Database | Oracle Database 19c (19.3) | TX 8-843-065 | February 26, 2020 |
| Real Application Clusters (RAC) | Oracle Real Application Clusters (RAC) Option to Oracle Database 11g, release 1 (11.1) | TX 8-188-277 | May 09, 2016 |
| Real Application Clusters (RAC) | Oracle Real Application Clusters (RAC) Option to Oracle Database 12c, release 1 (12.1) | TX 8-188-275 | May 09, 2016 |

| Oracle Copyrighted Software | Title of Work | Registration Number | Date Issued |
|---|---|---|---|
| Real Application Clusters (RAC) | Oracle Real Application Clusters (RAC) Option to Oracle Database 11g, release 2 (11.2) | TX 8-188-283 | May 09, 2016 |
| Real Application Clusters (RAC) | Oracle Real Application Clusters 19c (19.3) | TX 8-843-144 | February 27, 2020 |

26.     As the owner or exclusive licensee of the copyrights in the Oracle Copyrighted Software, Oracle enjoys the exclusive right to, among other things, reproduce, make derivative works of, display, and distribute the Oracle Copyrighted Software.  17 U.S.C. §§ 101, 106.

27.     PJA is not authorized to reproduce, distribute, make derivative works from, and/or display the Oracle Database or RAC software.  PJA is not authorized to reproduce, distribute, make derivative works from, and/or display the Database SE software except as authorized by and in support of a specifically licensed use, and with respect only to software for which it has a current right to have and use.  PJA has no license to use Oracle Database to provide third-party hosting services.

28.     Through the acts described above, PJA has violated Oracle's exclusive rights to reproduce, distribute, make derivative works from, and/or display the Oracle Copyrighted Software.  For example, PJA has used the copyrighted Oracle Database software to at least provide third-party hosting services, a use for which PJA does not have a license.  Further, PJA has copied and used the copyrighted Oracle Database and RAC software in other ways without license or authorization from Oracle at all.

29.     PJA has been, or should have been, aware of the existence of Oracle's copyrights in the Oracle Copyrighted Software.  PJA also knew it did not have a license or authorization to copy or use the Oracle Copyrighted Software or to use it to provide third-party hosting services.  When Oracle brought the unauthorized use to PJA's attention, PJA declined to pay for a license and has continued to infringe.  PJA is therefore a willful infringer of Oracle's copyrights and exclusive rights., and subject to treble damages.

30.     Oracle has been damaged as a result of PJA's copyright infringement, based on at

least PJA's failure to pay license, maintenance, and support fees related to the Oracle Copyrighted Software. Oracle estimates it has lost at least $3,245,200 in licensing fees and annual support fees through PJA's infringement. Further, on information and belief, PJA has generated profits through its unauthorized use of the Oracle Copyrighted Software, including by using it to provide hosting services to third parties. Oracle is entitled to recover from PJA the profits it has generated as a result of its infringement. Finally, Oracle may elect to recover statutory damages.

31.     At least some of the harm to Oracle cannot be remedied by damages, such as harm to goodwill and reputation. To the extent Oracle has suffered this irreparable injury, Oracle seeks injunctive relief, including to prevent PJA from further infringing the Oracle Copyrighted Software.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Oracle prays for judgment in its favor against Defendant PJA as follows:

a.     An award to Oracle of all damages associated with Oracle's cause of action, including Oracle's actual damages, PJA's profits, treble damages from willful infringement, and/or statutory damages pursuant to 17 U.S.C. § 504;

b.     An injunction preventing PJA, its agents, and affiliates from infringing the Oracle Copyrighted Software, pursuant to 17 U.S.C. § 502;

c.     An impounding of all unlicensed copies, including all executing and archival copies, of the Oracle Copyrighted Software in PJA's possession, custody, or control, pursuant to 17 U.S.C. § 503;

d.     An accounting of all gains, profits, and advantages derived by PJA from its copyright infringement, pursuant to 17 U.S.C. § 504;

e.     Costs of suit and attorneys' fees, pursuant to 17 U.S.C. § 505;

f.     Prejudgment interest; and

g.     Other and further relief as the Court may deem just and proper.

Dated:  April 30, 2020

Respectfully Submitted,

THE NORTON LAW FIRM PC

By: _Fred Norton_

Fred Norton
Attorneys for Plaintiffs
Oracle America, Inc. and Oracle
International Corporation

COMPLAINT FOR COPYRIGHT INFRINGEMENT

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs Oracle America, Inc. and Oracle International Corporation hereby demand a jury trial on all issues so triable.

Dated: April 30, 2020

Respectfully Submitted,

THE NORTON LAW FIRM PC

By: _____
Fred Norton
Attorneys for Plaintiffs
Oracle America, Inc. and Oracle
International Corporation

COMPLAINT FOR COPYRIGHT INFRINGEMENT